The first case is Lawrence Moskowitz CLU and others v. Alp, Inc. Counsels. Good morning, Your Honors. This is David Leitchman for the Plaintiffs' Appellants. May it please the court. Counsel, please speak up. Yes, may it please the court. Um, uh, there's no dispute, Your Honors, in this case that, uh, Lawrence Moskowitz CLU Ltd. is a Virgin Islands company and diverse from the defendant. Uh, if we had filed the complaint just on behalf of Lawrence Moskowitz CLU Ltd. as the plaintiff, there would be no issue that the court has jurisdiction. Um, nevertheless, there were two issues on which the district court reached its decision, uh, both of which are characterized as very close calls and not obvious. In such circumstances, uh, the, the federal court is supposed to retain jurisdiction when it's a close case. Uh, this court's decision in Orecchione, uh, from- Are you suggesting that the court drop off Mr. Moskowitz as a plaintiff on its own motion? Uh, well, not on its own motion, but it should have given us an opportunity to do that under 28 USC 1653 and the court's inherent authority because under Orecchione, Your Honor, um, all ambiguities, uh, and all inferences in the plaintiff's favor should be taken and the pleading should be construed liberally, um, uh, so that the action can be maintained, maintained. And, um, the fact of the matter is here, um, is that, um, that's a de novo determination, um, um, by, by this court. And that really goes to the issue on, on, of the 12B1, uh, motion. Um, but the court also made a mistake and I'd like to focus on the Colorado River abstention. Just for a moment, if, uh, if you could go back to the diversity issue, I'm not sure I understand how Mr. Moskowitz could be dropped as a plaintiff when some of the relief sought in the complaint is personal as to him, declaration and so on. Yes, we can certainly remove that, remove that request for relief in our amended pleading. And that's exactly what this court did, um, in the Genger v. Genger case, Your Honor, in 2016, Judge Jacobs, you were on that, that panel. And that's exactly, that's exactly what happened there as well as in the district court, a decision that we, that we cited from 2017, the new case. But in that, but in that case, in, in, in that event, you would be forgoing relief that your complaint says you need. I, I, I understand that, but that would really be the plaintiff's election and he can bring that, an action for that relief separately in another, in another so the issue really is, is, was Lawrence Moskowitz CLU limited, um, uh, deprived of its federal choice of federal forum. Um, and let me just talk about for a minute, I, cause I think this is very important, which is why do you, why do you say that the dismissal was with prejudice? Uh, because, uh, it didn't give us the opportunity to, to amend. And at the end of, uh, Judge Ramos's opinion, uh, let me just find it here. Uh, he does say he found it would be futile. Yes, exactly. And so for example, the new Canaan case, there were seven causes of action. Only two of them related to the non-diverse party. And the court said there, it's not futile because if that party gets dropped, then the other five causes of action can proceed. And that's the same thing here. Um, uh, Judge Jacobs, where if we dropped some of the relief requested on behalf of Mr. Moskowitz, those claims can be, um, pursued someplace else and Moskowitz CLU can, can not, would not be deprived of its, uh, of its, of its federal venue. And, and what I wanted to focus on was the purpose of diversity jurisdiction, right, is to allow an out-of-state party to escape the prejudice, the state, um, in the state court, um, by ensuring that a fair federal tribunal is available. And if Mr. Moskowitz and his company don't feel they can get a fair hearing right or wrong, um, that is a legitimate purpose. And so in the court, well, that's, that's, that's their view. Um, we've, we've briefed my view. I am asking you why you think that would not get a fair hearing. Well, let me, let me review what's happened in state court. So in state court prior to Mr. Moskowitz and, uh, Moskowitz CLU, by the way, is not still not a party in the state court proceedings, despite the fact that ALP has amended its state court complaint twice to add additional parties. It has never brought Moskowitz CLU limited into that case. And in, in the, in the state court proceedings, there's been a motion to dismiss, uh, from on behalf of Mr. Moskowitz that was filed, uh, hold on. I can get you the date, um, that was filed, um, in August of 2019. It has not been decided. Um, there have been three injunction motions filed by ALP in that case, none of which they were all filed in 2019. None of those have been decided. And if you look at the Moses cone case, the Moses cone case says, um, that when a district court dismisses a case on Colorado river grounds or other grounds, it presumably concludes the parallel store state court will be an adequate vehicle for the complete and prompt resolution of the issues and the judge in the state court, okay. Who was poisoned about Mr. Moskowitz for months and months and months in other proceedings in which Mr. Moskowitz could not defend himself and was not a party. Okay. They told a lot of lies about, about him and about what he did. The judge was poisoned, uh, to, to what, what his role was in connection with ALP's business with lies. He finally was able to defend himself and his motion to dismiss has been pending now for over a year. So he cannot get a prompt resolution in a state court and he cannot get a fair resolution in the state court. And the vast, vast majority of the relief in this case relates to contracts between Moskowitz CLU and ALP, not Mr. Moskowitz personally and ALP. And so for, for that, for that reason, um, we believe that almost full relief could be obtained if Mr. Moskowitz were dropped and, uh, Mr. and Moskowitz CLU was allowed to amend the complaint to seek only the relief that Moskowitz CLU, um, is, is, um, uh, seeking. Um, now let me also add on the Colorado river abstention, um, doctrine. Again, this is from the case itself. What the case says is that abstention is limited to three very narrow categories, none of which apply here, which is if there's a federal constitutional issue that, uh, that state court decision could moot if there are difficult questions of state law policy, or if their federal jurisdiction has been invoked to restrain state criminal powers. This case, uh, involves none of those things. And so it was an absolutely abusive discretion to simply rely on the time of the motion to dismiss. That is the relevant time period, not what is happening. Isn't it true, isn't it true that the state court action is slowed down while this action was brought? No, no, no, no. Your honors, the state court action. In fact, the complaint may finish the answer. My, I see my time is up. Um, this, this state court action, um, uh, was not slowed down. In fact, in the state court action, nothing had happened at the time the motion to dismiss in this case, uh, was filed. The only thing that happened was the motion to dismiss in this case was filed on July 30th of 2019 motions to dismiss had not even been filed in the state court action. The first, right. Well, I will ask opposing counsel. Your time has expired. You have reserved a couple of minutes for rebuttal. We'll hear from counsel for out. Okay. Good morning, your honor. Um, so first thing I'd, I'd like to rebut Mr. Uh, the appellant's discussion with respect to what has gone on in the lower court action. Um, it's true that there have been. A series of litigations concerning health and its former management and its business partners. And these issues are, you know, wide ranging and they're complex and they've been the subject of multiple litigations. The litigation with Mr. Moskowitz was commenced on April 19th, 2019. That followed closely on the heels of a related case of where a complaint was filed on April 16th. Um, but the real issue here is that this case is pretty simple. Does the district court have jurisdiction and should it exercise it? And what irrespective of the progress of, you know, whether or not there have been decisions in these, uh, various motions that have been brought below or whether or not discovery has been commenced really pales in relation to the amount of briefing and the amount of time and consideration that the state court judge has already put into these issues. If this case was to be remain in federal court, many of the motions, um, that were made in the state court that are, you know, sub justice that justice Bannon is considering would have to be rebriefed here. And that's not a, excuse me. Has the state court action been moving forward? I just heard from your opposing counsel that nothing is happening there. It has, there have been very few decisions, but there has been, um, multiple rounds of briefing on motions to dismiss from various, uh, from various parties. There have been preliminary injunction motions. There have been a host of activity that is not, um, just because those have not resulted in decisions from the, from the state court does not mean that nothing has happened down below. We've been, we've had a very busy year and a half. We've been briefing, we've been making arguments. Um, it's just not true to say nothing has happened down below. And related to that, I think it's also important to note that one of our motions was a motion to consolidate this, the state court action involving Moskowitz with the related case, uh, against an NRC known as Park West. And when we, um, argued that motion to consolidate, the judge didn't give us a decision at that point. She made it clear that at a minimum, the actions would be continued to be heard together. Know that her practice was to bring all the parties in and hear argument on all of the motions in the three different cases at the same time, that that would continue, she would not require that multiple depositions happen, depositions would proceed in tandem in the multiple cases so that we would avoid overlap. Are depositions ongoing now, even as we speak? No, they're not. And I will say that part of the reason for that is there was a status conference order in the related Park West case. That status conference order indicated that depositions should be done concurrently with those in the Moskowitz case. Um, and Mr. Moskowitz is, Mr. Moskowitz and, you know, his, his counsel have, have not agreed to move forward with it, with any discovery. So what he's really asking for is to be allowed to benefit from, um, stonewalling in the state court case. Continue. Okay. Thank you. Um, so moving on to the three different aspects of, of domicile here that Mr. Moskowitz is, uh, contending are, are errors by the, by the district court. So he doesn't like the fact that he doesn't like the fact that the district court did not give in his view, appropriate weight to, um, the appellant's statement in a declaration that he intended to change his domicile to the United States Virgin islands. And, you know, there's really two basic issues with this. I mean, first the district court did consider it. He makes the decision, make specific reference to it. Um, they found the statements to be of slight weight and that they came into conflict, conflict with other facts that tended to disclose the contrary intent. This isn't failing. Why is, uh, leave to amend here? Why would that be futile? One of the main, sorry, finish. No, you go ahead. Answer that question. So many of the contracts that are at issue here are also at issue in the state case. And Mr. Moskowitz's counsel points to no agreements for a payment of $4.8 million that, um, he believes is made with Moskowitz CLU. That particular contract has already been the subject of extensive briefing in the lower court case. And in fact, the, uh, state court restrained what Mr. Moskowitz still had of that, um, $4.8 million, um, payout that out believes was improperly made. Uh, as of, I believe it was November last year, 2.4 million remained. It was not in the possession of Moskowitz CLU. It was in the possession of Moskowitz personally, and the state court restrained that. So if we were to proceed with Moskowitz CLU's, um, arguments concerning those particular, uh, contracts, you would have argument on identical contracts proceeding in two different courts, you're opening yourself up to contrary decisions on the mean contracts. And it doesn't make sense from either, from a judicial effort perspective to become familiar with all the background here, it doesn't make sense for the parties to rebrief. You're not, that is not in support of a futility argument. That is in support of an abstention argument. So my question is why would leave to amend just in this federal case be futile? Well, I think that when the district court made its decision, it saw that it had two options. It could decline to hear the case because of subject matter jurisdiction. And when it did that, it declined leave to amend because even if there was subject matter jurisdiction, it found that all of these other reasons compelled it to abstain from hearing the case under the Colorado River abstention doctrine. So you're saying that the futility issue is inextricably linked to the Colorado abstention issue and we can't separate those two? I think that's correct. Did, um, and maybe I should have asked your friend, um, this question, but was there a request for leave to amend? No. So counsel, your opposing counsel said that this case could move forward if Lawrence Moskowitz personally was not a party, do you agree that all, that they could, we could decide the cases on if it was just Moskowitz CLU versus Alp? I don't believe that would be correct, your honor. And there might be diversity, but you still think Colorado River would rear its ugly head. Yes. There is substantial overlap between the cases that are in the state court now and the case in front of you. They make reference to the same contracts when Mr. Moskowitz, uh, counsel for Mr. Moskowitz filed this action, filed a related case statement in which he explicitly stated that these actions were related and based on his, uh, Is Mr. Moskowitz a necessary party in the federal action? Could, could we decide this without him as a, as a party plaintiff? I don't believe you could, your honor. And the reason I say that is because the various contracts that are relevant here, one of those includes a consulting agreement and that consulting agreement does not reference Moskowitz CLU. It is with Mr. Moskowitz personally. And I think that an assessment or an analysis of the contracts that make specific reference to Moskowitz CLU, as opposed to Mr. Moskowitz personally would be incomplete. In conclusion, do you have anything to say in conclusion? Your honor, this is, um, with respect to the findings of domicile, it's a pretty, it might not be 100% guaranteed, but we're talking about a person who owns a house in the state. His children live there because he doesn't own property anywhere else. He hasn't lived in USVI since 2017. At the time of filing, he had an office there. He leased cars there. He had a New York state driver's license that he renewed after he alleged to have begun his domicile in the USVI. Doesn't move his personal effects there. You know, there's a whole host of factors that the district court was able to rely on when making its decision. Whether or not, um, and then with respect to Colorado abstention, you know, a lot of the issues that counsel for Mr. Moskowitz raises concerns is the district court, is the state court slow? Well, you know, we're also in the middle of pandemic and I have to say that a delay of several months waiting for a motion to dismiss decision, especially in a case of this complexity with the number of moving pieces, no, it doesn't surprise me. And I don't think it's unusual. I've had cases with a much longer delay. Um, and I don't think that's a reasonable factor to consider and I'm out of time, so I'll stop there. Thank you, counsel. Mr. Weichmann, you have two minutes for rebuttal. Thank you, your honors. Actually the Moses Cone decision, which is from the U S Supreme court says that delay is actually a very important factor in whether or not the state court, uh, proceeding at issue is, is fair. Um, but let me just also say that the mere overlap between the state court action and the federal action is not sufficient under Moses Cone or Colorado river to meet the exceptional circumstances test. All of the cases that have abstained, um, that have been cited by the parties are cases where, um, discovery was completed, depositions had taken places, summary judgment had occurred. In one case, the trial had been requested leave to amend. Uh, I'm very focused on this, on the leave to amend issue. Yes, your honor. So what happened was we had requested oral argument. Well, just say before you answer, before you prolong your answer, yes or no, did you know? Because we weren't given an opportunity to do that. And that's what the district court is supposed to do is give us that opportunity because there was no oral argument. There was no evidentiary hearing. Almost all of the cases cited on the 12B1 issues were decided in the papers were decided after an evidentiary hearing. There was nothing of that sort that, that occurred here. So we had no opportunity to even ask, ask for that. Um, let me just, I just want to also address the claim that we were stonewalling in the state court action that is absolutely not true in the state court action, discovery is stayed by virtue of the CPLR rules because there are motions to dismiss pending that have now been pending over a year. Um, and lastly, counsel is completely misleading you when she says the state court judge restrained the funds that are the subject of the Moskowitz CLU contract, that is not what happened. What happened was we voluntarily agreed to stipulate to hold some of those funds pending the court's decision of their preliminary injunction motion, which the state court never decided in, which has also been pending over a year. So we have stipulated to hold funds. Okay. In an account owned by Moskowitz CLU. Um, and, uh, on the premise that a preliminary injunction motion would be decided promptly. The judge has not decided that that motion. Um, so those funds absolutely were not restrained. And then lastly, the one contract, uh, between Mr. Moskowitz personally, that is that issue in this case, the, the, the relief sought on that contract is $15,000. That relief pales in comparison to all of the relief that we seek on behalf of Moskowitz CLU, which is the principle party in the case. Thank you. Your honors. Thank you. Thank you. Both will reserve decision.